IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UBS FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00074 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| EDWARD CHILDRESS, ETC., ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Donald A. McGlothlin, Jr., The McGlothlin Firm, Lebanon, Virginia, for Edward Childress; John S. Stacy II and Charles A. Stacy, The Charles A. Stacy Law Office and Personal Injury Center, Bluefield, Virginia, for Terry Childress Dodson.*

In this interpleader action involving a dispute over the ownership of a decedent's individual retirement account ("IRA"), the administrator of the estate and the decedent's ex-wife have both filed motions for summary judgment. Because I find from the record that the decedent's estate is entitled to the IRA and the former spouse has no lawful claim to it, I will grant the Administrator's motion and deny the former spouse's motion.

I

The following undisputed facts are taken from the summary judgment record. In 2000, Gary Lyndon Childress (the "Decedent") established an IRA for

the benefit of himself and his beneficiaries. The Decedent deposited money and securities into the IRA, and he designated his then-wife, Terry Childress Dodson, as the beneficiary of the account at his death. PaineWebber, Inc. was the original custodian of the IRA and invested the IRA's assets. PaineWebber, Inc. was later acquired by UBS Financial Services, Inc. ("UBS"), and UBS assumed the contractual and fiduciary responsibilities of PaineWebber, Inc. with respect to the IRA.

The Decedent and Dodson divorced in 2005. They entered into a Separation and Property Settlement Agreement ("PSA"). Pursuant to the PSA, the Decedent transferred 500 shares of common stock in Lowes Companies, Inc. from his IRA to an IRA held by Dodson.[1] The PSA provided that the remaining assets in the Decedent's IRA were the Decedent's separate property, and Dodson expressly waived any rights in the Decedent's property.

In October 2007, the Decedent removed all assets from his original IRA and deposited them in a new IRA. In August 2008, the Decedent removed all assets from the second IRA and deposited them into a third IRA. This third IRA is the IRA to which Dodson and the Administrator now claim entitlement. The Decedent never designated a beneficiary for either the second or the third IRA.

---

[1] Dodson also received numerous other valuable assets pursuant to the PSA. She does not claim that the PSA was unsupported by consideration or was otherwise invalid.

The Decedent died intestate on October 6, 2011. Both the Administrator and Dodson filed suits against UBS demanding payment of the funds in the third IRA, and UBS filed this interpleader action seeking the court's determination of which party is entitled to the funds, which now exceed $350,000.

The Administrator argues that because the IRA at issue had no named beneficiary, both the Decedent's contract with UBS and Virginia intestacy law require the IRA assets to be distributed to the Decedent's estate. Alternatively, even if the original IRA's beneficiary designation applied to the IRA now at issue, the Administrator argues that pursuant to Va. Code Ann. § 20-111.1 (Supp. 2012), Dodson's beneficiary status would have been revoked as a matter of law when Dodson and the Decedent divorced.[2]

---

[2] The Virginia statute provides as follows:

> Except as otherwise provided under federal law or law of this Commonwealth, upon the entry of a decree of annulment or divorce from the bond of matrimony on and after July 1, 1993, any revocable beneficiary designation contained in a then existing written contract owned by one party that provides for the payment of any death benefit to the other party is revoked. A death benefit prevented from passing to a former spouse by this section shall be paid as if the former spouse had predeceased the decedent. The payor of any death benefit shall be discharged from all liability upon payment in accordance with the terms of the contract providing for the death benefit, unless the payor receives written notice of a revocation under this section prior to payment.

Va. Code Ann. § 20-111.1(A). A "death benefit" is defined to include "any payments under a life insurance contract, annuity, retirement arrangement, compensation agreement or other contract designating a beneficiary of any right, property or money in the form of a death benefit." Va. Code Ann. § 20-111.1(B).

Dodson contends that the original IRA's beneficiary designation also applies to the third IRA because the assets from the original IRA eventually made their way into the third IRA.  Dodson argues that the Virginia statute regarding revocation of death benefits upon divorce is preempted by the federal Employee Retirement Income Security Act ("ERISA").  Therefore, according to Dodson, she is entitled to the IRA funds because she is the named beneficiary of the IRA.

The motions have been fully briefed, and oral argument has been presented on the issues.[3]  I find that the IRA in question is not governed by ERISA, and the IRA has no named beneficiary.  Thus, according to Virginia law, the Decedent's estate is entitled to the assets in the IRA.

An award of summary judgment is appropriate where there is no genuine dispute as to any material fact such that one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the court must assess the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party.  *Nguyen v. CNA Corp.,* 44 F.3d 234, 237 (4th Cir. 1995).

Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to

---

[3] This case has been consolidated with an earlier filed case in this court by the Administrator against UBS involving the same facts and issues.  *Childress v. UBS Financial Services, Inc.,* No. 1:12CV00045 (W.D. Va.).

that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party "need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." *Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 393 (4th Cir. 1994) (internal quotation marks and citation omitted). Summary judgment is not "a disfavored procedural shortcut," but is an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex,* 477 U.S. at 327.

ERISA applies only to employee benefit plans that are established or maintained by employers or employee organizations. 29 U.S.C.A. § 1003(a) (West 2008). IRAs are exempt from ERISA's coverage as long as they meet certain criteria relating to a lack of employer involvement. 29 C.F.R. § 2510.3-2(d) (2012); *see also Charles Schwab & Co. v. Debickero*, 593 F.3d 916, 919-20 (9th Cir. 2010); *Burns v. Del. Charter Guarantee & Trust Co.*, 805 F. Supp. 2d 12, 20-21 (S.D.N.Y. 2011); *In re Gurry*, 253 B.R. 406, 412 (Bankr. E.D. Va. 2000). In this case, there is no evidence whatsoever that the IRA in question was an employee benefit plan. The Decedent appears to have established the plan on his own, without the involvement of any employer. There is no evidence that an employer of the Decedent ever made contributions to the plan. Simply put, Dodson can offer no reason why this IRA should be considered an employee

benefit plan subject to ERISA.  I find that the IRA at issue is not governed by ERISA, and therefore no preemption analysis is necessary with respect to the Virginia revocation of death benefits statute, Va. Code Ann. § 20.111.1.

I further find that because the IRA in question does not now and never did have a named beneficiary, there is no need to invoke section 20.111.1.  The record is completely devoid of any written beneficiary designation naming Dodson as the IRA's beneficiary upon the Decedent's death.  Dodson can point to no legal authority for her argument that the beneficiary designation for the original IRA applies to the third IRA to which she now lays claim.  The record evidence warrants the conclusion that the Decedent either intentionally chose not to name a beneficiary of the account or neglected to name a beneficiary.  There is no indication that he ever named Dodson as the account's beneficiary or that he intended his earlier designation of Dodson as the beneficiary of the original IRA — which had an entirely different account number — to apply to the third IRA, which he established several years after he and Dodson divorced.

The original IRA application that the Decedent completed in 2000 contains a "Client Agreement" paragraph that states, in relevant part, "any interest in this IRA that is not effectively disposed of above will be paid to my estate." (Administrator's Br. in Supp. of Mot. for Partial Summ. J., Ex. 2.)  The Administrator argues that because the IRA in question had no designated

beneficiary, it was not effectively disposed of and should be paid to the Decedent's estate according to the Client Agreement. The flaw in the Administrator's argument is that, like the beneficiary designation appearing on the same page, the Client Agreement applied to the original IRA. It appears that the Decedent did not complete a similar application form for the third IRA that is at issue here. Thus, I cannot conclude that the Client Agreement directing payment to the Decedent's estate governs the third IRA.

Resort to the Client Agreement is unnecessary, however, because under Virginia law, an account owned by a decedent, like all other personal property owned by a decedent, is part of the decedent's estate. *See, e.g.*, *Colley v. Cox*, 167 S.E. 2d 317, 322 (Va. 1969). Based on the undisputed evidence, the Decedent's estate is clearly entitled to the funds in the IRA.

III

For the foregoing reasons, it is **ORDERED** as follows:

(1) Defendant Terry Childress Dodson's Motion for Summary Judgment (ECF No. 17) is DENIED;

(2) Defendant Edward Childress' Motion for Partial Summary Judgment (ECF No. 21) is GRANTED;

(3) The court hereby declares that Edward Childress, as Administrator of the Estate of Gary Lyndon Childress, is entitled to the payment of the proceeds of the Individual Retirement Account held by UBS Financial Services, Inc., that is the subject of this action and that Terry Childress Dodson is not entitled to any of such proceeds;

(4) The trial scheduled for September 5-6, 2013, is CANCELLED; and

(5) Any further relief sought by the parties hereto shall be set forth in a motion filed within 14 days of the date of entry of this Opinion and Order. In the absence of any such timely motion, this action and the consolidated action will be stricken from the docket of this court.

ENTER: July 15, 2013

/s/ James P. Jones
United States District Judge