**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| **UBS FINANCIAL SERVICES, INC.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12CV00074 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **EDWARD CHILDRESS, ETC., ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Donald A. McGlothlin, Jr., The McGlothlin Firm, Lebanon, Virginia, for Edward Childress, Administrator of the Estate of Gary Lyndon Childress; John S. Stacy II and Charles A. Stacy, The Charles A. Stacy Law Office and Personal Injury Center, Bluefield, Virginia, for Terry Childress Dodson.*

In this interpleader action involving a dispute over the ownership of a decedent's individual retirement account ("IRA"), I found that the decedent's former spouse had no lawful claim to the IRA and granted summary judgment in favor of codefendant Edward Childress, the administrator of the decedent's estate (the "Administrator"). *UBS Financial Servs. v. Childress*, No. 1:12CV00074, 2013 WL 3729869 (W.D. Va. July 15, 2013). The Administrator has now moved for an award of attorneys' fees under the property settlement agreement ("PSA") executed by the decedent and his ex-wife upon their divorce or, alternatively, pursuant to the court's inherent power to impose sanctions. I decline to award attorneys' fees on either of these bases, but I will order counsel for the decedent's

former spouse to show cause why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 11 or 28 U.S.C.A. § 1927 (West 2006).

I

In 2000, Gary Lyndon Childress (the "Decedent") established an IRA for the benefit of himself and his beneficiaries. The Decedent deposited money and securities into the IRA, and he designated his then-wife, Terry Childress Dodson, as the beneficiary of the account at his death. PaineWebber, Inc. was the original custodian of the IRA and invested the IRA's assets. PaineWebber, Inc. was later acquired by UBS Financial Services, Inc. ("UBS"), and UBS assumed the contractual and fiduciary responsibilities of PaineWebber, Inc. with respect to the IRA.

The Decedent and Dodson divorced in 2005. They entered into a PSA, pursuant to which the Decedent transferred 500 shares of common stock in Lowes Companies, Inc. from his IRA to an IRA held by Dodson. The PSA provided that the remaining assets in the Decedent's IRA were the Decedent's separate property, and Dodson expressly waived any rights in the Decedent's property.

In October 2007, the Decedent removed all assets from his original IRA and deposited them in a new IRA. In August 2008, the Decedent removed all assets from the second IRA and deposited them into a third IRA. The ownership of this

third IRA was the subject of this litigation. The Decedent never designated a beneficiary for either the second or the third IRA.

The Decedent died intestate on October 6, 2011. Both the Administrator and Dodson filed suits against UBS demanding payment of the funds in the third IRA, and UBS then filed this interpleader action seeking the court's determination of which party was entitled to the funds.[1]

The Administrator argued that because the IRA at issue had no named beneficiary, both the Decedent's contract with UBS and Virginia intestacy law required the IRA assets to be distributed to the Decedent's estate. Dodson contended that the original IRA's beneficiary designation also applied to the third IRA because the assets from the original IRA eventually made their way into the third IRA. Dodson further argued that the IRA was governed by the federal Employee Retirement Income Security Act ("ERISA"), and because no qualified domestic relations order required UBS to change the IRA's beneficiary designation, the PSA had no effect on the IRA's beneficiary. There was no evidence, however, that the IRA was an employee benefit plan governed by ERISA. Moreover, there was no evidentiary or legal basis for Dodson's contention that the beneficiary designation from the original IRA applied to the third IRA over

---

[1] This case has been consolidated with an earlier filed case in this court by the Administrator against UBS involving the same facts and issues. *Childress v. UBS Financial Services, Inc.,* No. 1:12CV00045 (W.D. Va.).

which the parties were litigating.  At oral argument, Dodson's counsel appeared ill-prepared and was unable to point to case names or citations, statutes, or other legal authority to support many of counsel's arguments.  Finding this to be a clear-cut case, I granted summary judgment in favor of the Administrator.  The Administrator then moved for an award of attorneys' fees.  The motion has been fully briefed.

II

The Administrator first seeks an award of attorneys' fees based on the PSA that the Decedent and Dodson executed upon their divorce, which contains an attorneys' fees provision.  The provision states, "The parties agree that if one party incurs any expenses in the enforcement of any of the provisions of this Agreement, the other will be responsible for and will pay forthwith any and all expense incurred, including but not limited to legal fees, court costs, investigator's fees, and travel."  (PSA, part X, Edward Childress Br. in Supp. of Mot. for Partial Summ. J. Ex. 5.)  However, I find that enforcement of the PSA was not necessary to the resolution of the case.  Rather, my summary judgment ruling was based upon the fact that the IRA had no named beneficiary.  *See UBS Financial Servs. v. Childress*, 2013 WL 3729869, at *2.  Therefore, I do not find that the Administrator is entitled to recover attorneys' fees under the PSA.

The Administrator alternatively asks me to invoke the court's inherent power to sanction and require Dodson to pay the Administrator an award of reasonable attorneys' fees and costs because Dodson litigated in bad faith and asserted baseless claims and defenses.

A federal court has inherent power to assess attorneys' fees in three circumstances: (1) where a party's litigation efforts directly benefit others (known as the "common fund exception"); (2) where a party willfully disobeys a court order; and (3) where a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-29 (1975)) (internal quotation marks omitted). While the adoption of statutes and rules permitting sanctions have not displaced a court's inherent power, the Supreme Court has cautioned that when conduct "could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Id.* at 50. As explained more fully below, I find that the litigation conduct in this case can be adequately addressed under either Rule 11 of the Federal Rules of Civil Procedure or 28 U.S.C.A. § 1927. For that reason, I decline to sanction Dodson or her counsel based on my inherent power, and I will deny Childress's Motion for Attorney's Fees Against Dodson.

Rule 11 of the Federal Rules of Civil Procedure provides,

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A court may sanction an attorney who has violated Rule 11(b), and the court may do so on its own initiative. Fed. R. Civ. P. 11(c)(1), (3). "Rule 11 empowers the district court to sanction a party or lawyer for insisting on a position after it is no longer tenable." *Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x 476, 484 (4th Cir. 2009) (unpublished) (citing *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 279 (4th Cir. 2006)). If the court wishes to issue Rule 11 sanctions on its own initiative, the court "may order an attorney . . . to show cause

why conduct specifically described in the order ha[d] not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Section 1927 affords an additional statutory basis for sanctions, providing that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" can be held personally liable for "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. "[Section] 1927 authorizes sanctions only when counsel's bad faith conduct multiplies the proceedings, resulting in excess costs for the opposing party." *In re Gould*, 77 F. App'x, 155, 161 (4th Cir. 2003) (unpublished).

ERISA applies only to employee benefit plans that are established or maintained by employers or employee organizations. 29 U.S.C.A. § 1003(a) (West 2008). IRAs are exempt from ERISA's coverage as long as they meet certain criteria relating to a lack of employer involvement. 29 C.F.R. § 2510.3-2(d) (2012); *see also Charles Schwab & Co. v. Debickero*, 593 F.3d 916, 919-20 (9th Cir. 2010); *Burns v. Del. Charter Guarantee & Trust Co.*, 805 F. Supp. 2d 12, 20-21 (S.D.N.Y. 2011); *In re Gurry*, 253 B.R. 406, 412 (Bankr. E.D. Va. 2000). In this case, there was no evidence whatsoever that the IRA in question was an employee benefit plan. The Decedent appeared to have established the plan on his own, without the involvement of any employer. There was no evidence that an employer of the Decedent ever made contributions to the plan. Dodson's counsel could not state any reason why the IRA would be considered an employee benefit

plan subject to ERISA, yet counsel argued throughout the litigation that ERISA controlled. The advancement of this argument appears to be a violation of Rule 11(b)(2) or § 1927.

Moreover, the record was completely devoid of any written beneficiary designation naming Dodson as the IRA's beneficiary upon the Decedent's death, and Dodson's counsel could point to no legal authority for their argument that the beneficiary designation for the original IRA applied to the third IRA of which Dodson claimed ownership. There was no indication that the Decedent ever named Dodson as the account's beneficiary or that he intended his earlier designation of Dodson as the beneficiary of the original IRA — which had an entirely different account number — to apply to the third IRA, which he established several years after he and Dodson divorced. Counsel's argument that Dodson was a named beneficiary of the IRA appears to have been made in violation of Rules 11(b)(2), Rule11(b)(3), or § 1927.

Dodson's counsel made these arguments in multiple actions and on numerous occasions, including in briefs signed by counsel and filed with this court, thereby causing the other parties and the court to devote a substantial amount of unnecessary time to this case and to incur resulting costs. I will therefore order Dodson's counsel of record to show cause why their litigation conduct specified above did not violate Rule 11(b) or 28 U.S.C.A. § 1927.

III

For the foregoing reasons, it is **ORDERED** as follows:

(1) Defendant Edward Childress' Motion for Attorney's Fees Against Dodson (ECF No. 33) is DENIED; and

(2) Counsel for Defendant Terry Childress Dodson must SHOW CAUSE by filing a response within fourteen (14) days hereof, showing cause why their litigation conduct specifically described in this Opinion and Order did not violate Rule 11(b) or 28 U.S.C.A. § 1927.

ENTER: September 3, 2013

/s/ James P. Jones
United States District Judge