# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UBS FINANCIAL SERVICES, INC.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12CV00074(Lead) |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **EDWARD CHILDRESS, ETC., ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*John S. Stacy II and Charles A. Stacy, The Charles A. Stacy Law Office and Personal Injury Center, Bluefield, Virginia.*

The issue before the court is whether to award sanctions under Federal Rule of Civil Procedure 11(b) or 28 U.S.C.A. § 1927 (West 2006) against the attorneys for one of the parties in this case on account of their litigation conduct. Upon consideration of the record and counsel's response to the court's order to show cause, I have determined that sanctions are appropriate under Rule 11(b).

I

The facts of this case are taken from the record and in particular from a Joint Stipulation of Facts filed by all of the parties. (June 14, 2013, ECF No. 18,)

In 2000, Gary Lyndon Childress (the "Decedent") established an individual retirement account ("IRA"). PaineWebber, Inc. was the original custodian of the IRA and invested the IRA's assets. PaineWebber, Inc. was later acquired by UBS Financial Services, Inc. ("UBS"). The Decedent deposited money and securities into the IRA, account number FM 24269 38, and he designated his then-wife, Terry Childress Dodson, as the revocable beneficiary of the account upon his death.

The Decedent and Dodson divorced in 2005. They entered into a written Property Settlement Agreement ("PSA"), pursuant to which the Decedent transferred 500 shares of common stock in Lowes Companies, Inc., from his IRA to Dodson. The PSA provided that the remaining assets in the Decedent's IRA were the Decedent's separate property, and Dodson expressly waived any rights in the Decedent's property. However, UBS has no record that the Decedent ever made any request to designate or change his beneficiary of this IRA.

In 2007, the Decedent removed all assets from his original IRA and deposited them in a new IRA, account number K7 24269 69. In 2008, the Decedent removed all assets from the second IRA with UBS and deposited them into a third IRA with UBS, account number JY 24269 MT. The Decedent never designated a beneficiary for either the second or the third IRA.

The Decedent died intestate on October 6, 2011.  His father, Edward Childress (the "Administrator'), was appointed as the administrator of the Decedent's estate.  On November 3, 2011, the Administrator requested UBS to transfer the assets from the Decedent's latest IRA to the estate.  On December 15, 2011, Dodson, by a letter from her attorney, demanded that UBS pay her the assets of the IRA on the ground that she was the designated beneficiary.[1]  On February 24, 2012, Dodson filed suit against UBS in state court seeking payment of the IRA.  On August 1, 2012, the Administrator in turn filed suit against UBS in this court.  In his Complaint the Administrator sought payment of the IRA plus additional money damages against UBS for its failure to promptly pay over the IRA in light of a Virginia statute providing that upon divorce, any revocable death beneficiary designation in any "retirement arrangement" is automatically revoked.  *See* Va. Code Ann. § 20-111.1 (Supp. 2012).

Finally, on November 13, 2012, UBS filed the present interpleader action against both the Administrator and Dodson, asking the court to determine to whom the payment of the IRA proceeds should be made.[2]  Both defendants answered the

---

[1] In the demand letter, counsel for Dodson referred to the IRA in question as "Account Number: JY 24269 CJ." (Stacy Letter Dec. 15, 2011, ECF No. 18-7.)  That account number likely refers to the third IRA in effect at the time of the Decedent's death, account number JY 24269 MT, in which no beneficiary had been designated, but that is not clear.

[2] In October of 2012, the parties agreed that UBS should sell the stock in the third IRA resulting in a cash balance of over $350,000 in the account.

suit, with Dodson's Answer, filed by attorneys John S. Stacy II and Charles A. Stacy, asserting that she was the proper beneficiary of the IRA. The court then consolidated UBS's interpleader action with the Administrator's suit, making the interpleader action the lead case.[3] (Order, Apr. 9, 2013, ECF No. 13.)

On June 14, 2013, the Administrator moved for partial summary judgment on the issue of the proper payment of the IRA proceeds, based upon the parties' Joint Stipulation of Facts. The Administrator contended that because the third IRA — the IRA existing at the time of death — had no named beneficiary, its assets must be distributed to the Decedent's estate. Moreover, he argued that even if there was a possible claim based upon the failure of the Decedent to revoke the beneficiary designation of the original IRA after the divorce, the Virginia statute took care of the matter.

On the same date, Dodson filed a Motion for Summary Judgment. In her brief in support of the motion, filed by her present attorneys, the sole contention made was that the IRA was governed by the federal Employee Retirement Income Security Act ("ERISA"), and because no qualified domestic relations order had

---

[3] The Administrator's action is Case No. 1:12CV00045. The references in this Opinion to electronic case filing entries ("ECF") are to the interpleader action, Case No. 1:12CV00074.

been entered that required UBS to change the IRA's beneficiary designation, the PSA had no effect on the IRA's beneficiary.[4]

The Administrator filed a response to Dodson's Motion for Summary Judgment, pointing out that the IRA was not an employee benefit plan governed by ERISA. Following oral argument on the cross motions, finding this to be a clear-cut case, I granted the Administrator's Partial Motion for Summary Judgment and denied Dodson's Motion for Summary Judgment. *UBS Fin. Servs., Inc. v. Childress*, No. 1:12CV00074, 2013 WL 3729869 (W.D. Va. July 15, 2013). Because the Administrator had asserted additional claims against UBS in his Complaint, no judgment was entered in the consolidated case and the parties were given additional time to specify any further relief sought. Within the time allowed, the Administrator filed a motion seeking an award of attorneys' fees against Dodson. No further claim was made against UBS. After briefing of the motion, I denied an award of attorneys' fees against Dodson herself, but directed Dodson's counsel to show cause why they should not be sanctioned under Rule 11(b) or 28

---

[4] The Supreme Court has held that an ERISA plan administrator must distribute benefits to the beneficiary named in the plan, regardless of any waiver contained in a martial property settlement. *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 299-300 (2009). In addition, any state law (like Virginia's) that provides for automatic revocation after divorce is preempted as to an ERISA-controlled plan. *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 148 (2001). However, a property settlement waiver can be enforced even in an ERISA situation by a suit requiring the beneficiary named in the plan to pay over the plan proceeds to the decedent's estate. *See Andochick v. Byrd*, 709 F.3d 296, 301 (4th Cir.), *cert. denied*, 2013 WL 3366973 (U.S. Oct. 7, 2013) (No. 13-29).

U.S.C.A. § 1927 for asserting a frivolous claim on her behalf.  *UBS Fin. Servs., Inc. v. Childress*, No. 1:12CV00074, 2013 WL 4715689, at *4 (W.D. Va. Sept. 3, 2013).  That response has now been filed and the issues are ripe for decision.

## II

Rule 11 of the Federal Rules of Civil Procedure provides,

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A court may sanction an attorney who has violated Rule 11(b), and the court may do so on its own initiative. Fed. R. Civ. P. 11(c)(1), (3). "Rule 11 empowers the district court to sanction a party or lawyer for insisting on a position after it is no longer tenable." *Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x 476, 484 (4th Cir. 2009) (unpublished) (citing *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 279 (4th Cir. 2006)). "At bottom, a court considering Rule 11 sanctions must differentiate between a losing argument or position, which is not sanctionable, and a frivolous one, which is." *Givens v. O'Quinn (In re Hillary K. Johnson)*, 186 F. App'x 390, 394 (4th Cir. 2006) (unpublished).

Section 1927 affords an additional statutory basis for sanctions, providing that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" can be held personally liable for "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. "[Section] 1927 authorizes sanctions only when counsel's bad faith conduct multiplies the proceedings, resulting in excess costs for the opposing party." *Harshbarger v. Prof'l Evaluation Grp., Inc. (In re Gould)*, 77 F. App'x, 155, 161 (4th Cir. 2003) (unpublished).

While it may be a close question, I do not find that counsel's conduct here amounted to bad faith and thus I will not impose sanctions under § 1927. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 795 (3d Cir. 1999)

(sanctions under § 1927 are reserved for conduct "of an egregious nature, stamped by bad faith that is violative of recognized standards") (internal quotation marks and citations omitted). Rule 11 is a different matter, however.

It is clear that ERISA applies only to employee benefit plans that are established or maintained by employers or employee organizations. 29 U.S.C.A. § 1003(a) (West 2008). IRAs are exempt from ERISA's coverage so long as there is no employer involvement. *See* 29 C.F.R. § 2510.3-2(d) (2012); *see also Charles Schwab & Co. v. Debickero*, 593 F.3d 916, 919-20 (9th Cir. 2010); *Burns v. Del. Charter Guarantee & Trust Co.*, 805 F. Supp. 2d 12, 20-21 (S.D.N.Y. 2011); *In re Gurry*, 253 B.R. 406, 412 (Bankr. E.D. Va. 2000). In this case, there was no evidence whatsoever that the IRA in question was an employee benefit plan. At oral argument, Dodson's counsel could not articulate any reason why the IRA would be considered an employee benefit plan subject to ERISA, even though the purported requirements of ERISA were the sole basis of his Motion for Summary Judgment.[5]

---

[5] When he could not adequately explain at oral argument why ERISA applied in this case, counsel fell back on the argument that his client ought to obtain the assets of the third IRA simply because the Decedent had not notified UBS to revoke the beneficiary designation in the original IRA after the divorce. But that argument, of course, flies in the face of the fact that there was no designation of beneficiary for the third IRA that was in effect at the time of death, as well as the fact that the Virginia statute made it unnecessary for the Decedent to actually change any beneficiary designation following the divorce.

This claim, made in the pleadings and motions and advocated by Dodson's counsel, was patently unsupported by the facts or the law and violated their Rule 11 certification. At least by the time discovery was completed in this case, counsel should have been aware that this was not an ERISA plan and that the claim in this lawsuit was without merit. Indeed, even after the Administrator's brief on summary judgment made it clear that there was no basis for their argument, counsel did not concede the case and continued to advocate their position during and through oral argument before the court. No real excuse for this failure has been offered by counsel.

No reasonable attorney under the circumstances would have believed the argument made here was meritorious. Counsel simply wasted the time and effort of opposing counsel and the court in continuing to assert a frivolous cause of action.

The remaining issue concerns the appropriate sanction to be imposed.

### III

In determining sanctions under Rule 11, I must limit such sanctions to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Because the Rule 11 sanctions here are imposed sua sponte and not by a motion, I am not able to direct payment of the opposing party's attorney's fees. *Id.*

Based upon all of the circumstances, the following sanctions are imposed:

1.Attorneys John S. Stacy II and Charles A. Stacy, The Charles A. Stacy Law Office and Personal Injury Center, Bluefield, Virginia, are formally reprimanded;

2.The aforementioned attorneys must pay into this court within 30 days a total penalty of $750.00; and

3.The Clerk shall send a copy of this Opinion and Order to the Office of Bar Counsel, Virginia State Bar, 707 East Main Street, Suite 1500, Richmond, Virginia 23219-2800.

It is so **ORDERED**.

ENTER: October 28, 2013

/s/  James P. Jones
United States District Judge